UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESCO SALES CORPORATION, a California Limited Liability Company,<br><br>                 Plaintiff,<br><br>v.<br><br>M/Y TAIL MAGNET, U.S.C.G. Official No. 904645, a 1986 Jersey Dawn Sportfisher Motor Yacht of Approximately 40-Feet in Length and 14.6-Feet in Beam, and all of her engines, tackle, accessories, equipment, furnishings, dinghy, and all other appurtenances, in rem,<br><br>                 Defendant. | Case No.: 26-cv-01623-WQH-BJW<br><br>**ORDER** |

HAYES, Judge:

      The matters before the Court are the Ex Parte Motion for Issuance of Warrant (ECF No. 2) and the Ex Parte Motion to Substitute Custodian (ECF No. 3) filed by Plaintiff Wesco Sales Corporation.

## I.   BACKGROUND

On March 14, 2026, Plaintiff Wesco Sales Corporation ("Plaintiff") initiated this action by filing the Complaint (ECF No. 1) against Defendant Vessel M/Y TAIL MAGNET (the "Vessel"), a 1986 Jersey Dawn sportfisher motor yacht of approximately 40 feet in length and 14.6 feet in beam, which is documented with the United States Coast Guard under Official Number 904645. *Id.* ¶ 3.

Plaintiff alleges that, on or about March 1, 2020, the owners of the Vessel—Amanda Ragsdale and John Rost—executed an "Agreement of Private Wharfage" with Plaintiff for a monthly tenancy. *Id.* ¶ 5–6; *see* Exhibit A, ECF No. 1-2.

Plaintiff alleges that the "account for the [Vessel] fell progressively further into arrears." (Compl. ¶ 7.) Plaintiff alleges that, on January 22, 2026, its attorney sent Amanda Ragsdale a letter demanding payment of the account. *Id.* ¶ 8. Plaintiff alleges that, through March 1, 2026, the account for the Vessel stood "in arrears in an amount not less than $20,866.10." *Id.* ¶ 9.

Plaintiff alleges that, "in failing and refusing to" pay for its wharfage services, the owners of the Vessel "breached their contractual obligations." *Id.* ¶ 12. Plaintiff contends that, pursuant to 46 U.S.C. § 31342(a), its provision of necessities on the order of the Vessel's owners confers a maritime lien that encumbers the Vessel. *Id.* ¶¶ 12–13. Plaintiff now brings claims for breach of maritime contract for necessaries and for quantum meruit. *Id.* ¶¶ 4–19.

On April 3, 2026, Plaintiff filed the pending Ex Parte Motion for Issuance of Warrant (the "Motion for Arrest Warrant") and the Ex Parte Motion to Substitute Custodian (the "Motion to Substitute Custodian"). (ECF Nos. 2, 3.)

## II.   CONTENTIONS

In the Motion for Arrest Warrant, Plaintiff requests that the Court issue an order authorizing the "immediate issuance of a Warrant for Arrest" of the Vessel. (ECF No. 2 at 1.) Plaintiff contends that this action is within the Court's admiralty jurisdiction under 28

U.S.C. § 1333 and that the Complaint provides adequate basis to authorize an arrest warrant for the Vessel. *Id.* at 2.

In the Motion to Substitute Custodian, Plaintiff requests that the Court "appoint [Plaintiff], the owner and operator of the marina known as 'Dana Landing[,]' as the Substitute Custodian of the" Vessel. (ECF No. 3 at 1.) Plaintiff contends that the Vessel is presently located in a slip at Plaintiff's marina, which is accessible only through a security gate and stands under the supervision of Ryan Clark, the marina's Director of Operations. *Id.* at 2–3. Plaintiff contends that "[t]wo vessel owners with boats on the dock where the [Vessel] is berthed live aboard their vessels, and have agreed to 'keep an eye' on the [Vessel] when [Plaintiff's office] is closed, and to report any suspicious or questionable activities" near the Vessel. *Id.* at 3. Plaintiff states that it will photograph the Vessel's interior and exterior and will provide other services, including ongoing wharfage services, custodial services, interior inspections, and cleaning. *Id.* at 3–4. Plaintiff submits the Declaration of Ryan Clark in support of its contention that it has "adequate facilities and supervision for the proper safekeeping" of the Vessel. *Id.* at 4; *see* ECF No. 3-1.

The docket reflects that no party has entered an appearance on behalf of the Vessel or filed an opposition in response to either pending motion.

III. **DISCUSSION**

A. **Subject Matter Jurisdiction**

Under 28 U.S.C. § 1333, federal district courts may exercise subject matter jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). The Federal Maritime Act provides that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner [] has a maritime lien on the vessel[,] may bring a civil action in rem to enforce the lien[,] and is not required to allege or prove in the action that credit was given to the vessel." 46 U.S.C. § 31342(a). The Federal Maritime Act defines "necessaries" to include: "repairs, supplies, towage, and the use of a dry dock or marine railway." *Id.* § 31301(4). If a plaintiff demonstrates that it "provided necessaries [] to a vessel [] by order of the owner or a person authorized by the

owner," then the plaintiff "may invoke the admiralty jurisdiction of the federal courts to enforce a necessaries lien in rem." *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 919 (9th Cir. 2002).

In the Complaint, Plaintiff alleges that it provided "wharfage services" and "other useful maritime necessaries" to the Vessel. (Compl. ¶¶ 10, 15.) In support, Plaintiff submits an Agreement of Private Wharfage entered between Plaintiff and "Amanda Ragsdale," who is identified as the owner of the Vessel. (ECF No. 1-2 at 3.) The Agreement of Private Wharfage describes a "month to month tenancy" and assigns a slip for the Vessel in Plaintiff's marina beginning on March 1, 2020. *Id.* Plaintiff now files this action in rem to "foreclose on maritime liens." (ECF No. 2.) The Court may exercise admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333.

**B.     Motion for Issuance of Warrant**

"To commence an action in rem against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'" *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)). "If the plaintiff meets these conditions, the district court must take the boat into custody—unless the plaintiff requests otherwise—by issuing an arrest warrant to be served by the marshal." *Id.* (citing Fed. R. Civ. P. Supp. Adm. & Mr. Cl. R. C(3)(a)–(b), E(3)(b)). "After the vessel is arrested, the owner is entitled to a prompt post-seizure hearing at which he can attack the verified complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings up to that point." *Id.* at 532 (citing Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. (E)(4)(f)) (quotation omitted).

Here, the verified Complaint adequately describes the Vessel and states that the Vessel is within the Southern District of California. (*See* ECF No. 1 at 6 (Statement of Verification); Compl. ¶ 3 (describing the Vessel and alleging that it "is now, and is expected during the pendency of this action, to remain within the jurisdiction of this [judicial district]); ECF No. 1-2 at 4 (describing the same Vessel in the Agreement of Wharfage).)

26-cv-01623-WQH-BJW

Based on the Complaint, Plaintiff establishes a *prime facie* case that an in rem action over the Vessel is proper, and that its obligations under Supplemental Admiralty Rule C are satisfied. *See, e.g.*, *Geoserve Energy Transp. DMCC v. M/V 0 7 VEGA S*, No. 24-CV-2148-RSH-SBC, 2024 WL 4820786, at *2 (S.D. Cal. Nov. 18, 2024); *Marine Grp. Boat Works, LLC v. F/V Heather*, No. 24-CV-1303-BAS-DDL, 2024 WL 3611151, at *2 (S.D. Cal. July 31, 2024). Accordingly, the Motion for Arrest Warrant (ECF No. 2) is granted.

### C.    Motion to Substitute Custodian

The Southern District of California Local Civil Rule E.1, which governs Actions in Rem and Quasi in Rem, states:

> On motion of any party, made after notice to the marshal and all parties who have appeared, a judge may order that custody of the vessel be given to the operator of a marina or similar facility, repair yard, or company regularly carrying on the business of ship's agent, if a judge finds that such firm or person can and will safely keep the vessel and has in effect adequate insurance to cover liability for failure to do so.

> If the vessel must be moved to the place where custody will be maintained, a judge may also require insurance or other security to protect those having an interest in the vessel, as well as those claiming against her, from loss of or damage to the res, or liability of the vessel, incurred during the movement.

S.D. Cal. Civ. L.R. E.1(c)(2).

Here, the Declaration of Ryan Clark is adequate to demonstrate that Plaintiff is capable of safely maintaining custody of the Vessel. In his declaration, Mr. Clark swears that he is the Director of Operations of Dana Landing, the marina in which the Vessel is currently located. (ECF No. 3-1 at 1–2.) Mr. Clark describes his familiarity with the Vessel, and the safety mechanisms employed by the Dana Landing marina, and states that he will perform ongoing custodial services for the Vessel during its custodianship. (ECF No. 3-1 at 1–4.) Mr. Clark also swears that Plaintiff "maintains insurance policies which protect it against occurrences of negligence during its custodianship," including a Commercial Marine Liability policy with a $1 million limit per occurrence and a Marine Excess Liability policy with a $4 million limit per occurrence. *Id.* at 4–5. The Court is satisfied that Plaintiff,

through its operation of the Dana Landing marina, can ensure the safety of the Vessel during its custodianship. Accordingly, the Motion to Substitute Custodian (ECF No. 3) is granted.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Issuance of Warrant (ECF No. 2) is granted as follows:

1. The issuance of a Warrant for the arrest of the Defendant Vessel M/Y TAIL MAGNET, U.S.C.G. Official No. 904645, a 1986 Jersey Dawn Sportfisher Motor Yacht of Approximately 40-Feet in Length and 14.6-Feet in Beam, and all of her engines, tackle, accessories, equipment, furnishings, and all other appurtenances (the "Defendant Vessel") is authorized.

2. The Clerk of Court shall prepare a Warrant for the Arrest of the Defendant Vessel and shall deliver it to the United States Marshal for the Southern District of California for service.

3. Any person claiming an interest in the Defendant Vessel shall be entitled upon request to a prompt hearing, at which Plaintiff shall be required to show why the arrest should not be vacated or other relief granted consistent with the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. A copy of this Order is to be attached and served with the Warrant for Arrest. Plaintiff's counsel shall serve by mail or by personal service a copy of this Order to the person or persons believed to be the owners of the Defendant Vessel, and to all known maritime lien claimants and/or others with a known or suspected interest in the Defendant Vessel

IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion to Substitute Custodian (ECF No. 3) is granted as follows:

1. The United States Marshal is authorized and directed upon seizure of the Defendant Vessel, her engines, tackle, accessories, equipment furnishings, and all other appurtenances thereunto appertaining and belonging, to surrender possession to the Substitute Custodian named herein. Upon such surrender the

United States Marshal shall be discharged from its duties and responsibilities for the safekeeping of the Defendant Vessel and held harmless from and against any and all claims whatever arising out of said substituted possession and safekeeping.

2. Plaintiff Wesco Sales Corporation is appointed Substitute Custodian of the Defendant Vessel, to retain her in its custody at Dana Landing for possession and safekeeping in accordance with the Declaration of Ryan Clark (ECF No. 3-1) and the recitals herein contained until further order of this Court.

3. Plaintiff Wesco Sales Corporation shall keep the Defendant Vessel in her current slip or another suitable slip at Dana Landing for safekeeping, or if necessary for emergency or operational necessity, move her at its own expense to another location within the Port of San Diego with security and facilities comparable to or exceeding those existing at its marina, and there serve as her custodian until further order of this Court. If the Defendant Vessel is moved from her current slip, the Substitute Custodian shall, in order to memorialize the vessel's condition both prior to and following the move, photograph or video the exterior of the Defendant Vessel.

Dated:  May 11, 2026

Hon. William Q. Hayes
United States District Court

7

26-cv-01623-WQH-BJW